M. R. A., LTD., DBA TERRITORIAL COLLECTORS *v.* MRS. THELMA AKANA HARRISON, AKA MRS. THELMA M. AKANA HARRISON, FORMERLY KNOWN AS MRS. THELMA AKANA, AKA MRS. DAVID Y. K. AKANA, AND HAWAIIAN AMALGA PAVE, LTD., AND COOKE TRUST COMPANY, LIMITED, AND WILLIAM'S MORTUARY, LIMITED, GARNISHEES.

No. 4046.

ARGUED JANUARY 7, 1959.          DECIDED JANUARY 15, 1959.

RICE, C. J., STAINBACK, J., AND CIRCUIT JUDGE DYER
IN PLACE OF MARUMOTO, J., DISQUALIFIED.

OPINION OF THE COURT BY RICE, C. J.

Thelma Akana Harrison, defendant-appellant above named, has appealed to this supreme court from a final judgment adverse to her in the third division of the circuit court, first circuit, Territory

of Hawaii, which was entered and filed on March 7, 1957, pursuant to a decision, findings of fact and conclusions of law made and filed on said date by the judge of the trial court, after a jury-waived trial.

The action was upon a promissory note, in words and figures, hereinafter quoted.

"$10,000.00                         "Honolulu, T. H.
                                     "June 1, 1951

"FOR VALUE RECEIVED, on or before the 31st day of August, 1952, the undersigned, HAWAIIAN AMALGA-PAVE, LIMITED, a Hawaiian corporation, and THELMA AKANA HARRISON, jointly and severally, promise to pay to the order of BENJAMIN FUKUNAGA, the sum of TEN THOUSAND DOLLARS ($10,000.00), with interest thereon from date at the rate of five (5) per cent per annum, provided, however, such interest shall be waived in case this note is paid on or before the 31st day of August, 1952, as provided herein.

"In case suit is brought to collect this note, or any part thereof, the undersigned, jointly and severally, promise to pay all costs of collection, including a reasonable sum as and for attorney's fee.

"HAWAIIAN AMALGA-PAVE, LIMITED,
a Hawaiian corporation,

By  /s/  Thelma Akana Harrison
             Its President

And  /s/  David O. Gillette
             Its Treasurer

/s/  Thelma Akana Harrison
      Thelma Akana Harrison"

The judgment of the trial court is: "* * * that Plaintiff recover of Defendants the sum of $10,000.00, with interest at the rate of 5% per annum from the 1st day of June, 1951, costs in the sum of $90.25 and attorneys' fee in the sum of $1,000.00."

To the complaint in the lower court the defendant Thelma Akana Harrison had filed a general denial and had also therein given notice that she would, "* * * as a complete, separate and distinct defense thereto, rely upon the fact that there was no consideration for the alleged promise as therein set forth." For failure to plead or otherwise defend as required by law, a default was entered against her co-defendant, the Hawaiian Amalga Pave, Ltd.

By stipulation entered into on behalf of the plaintiff, the defendant Thelma Akana Harrison, and Cooke Trust Company, Limited, one of the garnishees, it was provided, "* * * that in lieu of holding 3,353 shares of Nuuanu Funeral Parlor, Limited, and 4 shares of Williams Mortuary, Limited, mentioned in the Answer of said garnishee, said shares may [could] be sold and the sum of $14,000.00 from the proceeds of sale retained by said garnishee, subject to further order of the Court * * *." It was accordingly so ordered by the judge of the circuit court, then having jurisdiction of the matter.

In connection with the appeal in this supreme court, briefs were submitted on behalf of Thelma Akana Harrison, defendant-appellant, and on behalf of the plaintiff-appellee, and subsequently, on January 7, 1959, oral argument was had.

That Thelma Akana Harrison signed the note as co-maker is a conceded fact, but it has been contended by her and on her behalf that she signed it as an "accommodation" co-maker; that no consideration was received by her from Benjamin Fukunaga, to whose order the note was payable; and that, therefore, as the note was transferred for collection after maturity and default by the other co-maker, she is not liable for payment of the note.

However, it has been admitted on behalf of Thelma Akana Harrison that there was consideration given by Benjamin Fukunaga to the other co-maker of the note, Hawaiian Amalga Pave, Limited.

Since the oral argument of the appeal in this case was had, this supreme court has received a copy of an advance sheet of the opinion of the United States Court of Appeals for the Ninth Circuit, in the case of *James R. Yost*, appellant vs. *Alberta G. Morrow*, appellee, number 15,998, January 2, 1959, which we deem conclusive of the case before us.

In the cited case the note was as hereinafter quoted and set forth.

"$7,300.00

"October 17, 1955.

"On or before April 15, 1956, after date, for value received we promise to pay to the order of James R. Yost at the First National Bank of Portland at Nyssa, Oregon, Seven Thousand Three Hundred and 00/100 Dollars in lawful money of the United States of America, with interest thereon in like lawful money at the rate of 6 per cent, per annum, from date until paid. Interest to be paid at maturity and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this note. And in case suit or action is instituted to collect this note, or any portion thereof, we promise and agree to pay, in addition to the costs and disbursements provided by statute, such additional sum, in like lawful money, as the Court may adjudge reasonable, for attorneys fees to be allowed in said suit or action.

"C. A. BUTCHER,
"ALBERTA G. MORROW."

At the trial it was shown that Mrs. Morrow was the mother-in-law of Butcher, and that he lived on and managed a ranch owned by Mrs. Morrow. The latter testified that she signed the note, but that she did not receive any money from Yost. There was neither a showing nor an allegation that Mrs. Morrow's signature on the note was fraudulently procured.

"It further appeared at the trial that Butcher received Yost's checks in the amount of the note, and that the checks were made out to, and endorsed by, Butcher without Mrs. Morrow's signature appearing thereon."

The note was executed in Oregon, and payment thereon was to be made in Oregon. The United States Court of Appeals for the Ninth Circuit held:

"It is settled law that under Section 24 of the Uniform Negotiable Instruments Act, adopted by Oregon in 1899, O.C.L.A. §§ 69-101 to 69-1102 (now, Oregon revised Statutes §§ 71.001

to 71.195), consideration moving to one joint maker of an instrument is sufficient to bind the other joint maker or makers. In the instant case, it is clear that Mrs. Morrow signed as an accommodation maker for her son-in-law, C. A. Butcher. It is also settled law that an accommodation maker is bound if consideration passes to the principal maker, and that the accommodation maker has primary, not secondary, liability. * * *."

"In the instant case [*Yost* v. *Morrow*], one co-maker, Butcher, received full consideration from Appellant. Mrs. Morrow, who was an accommodation maker, is bound on this note by reason of this consideration. The fact that [she] did not personally receive any money from Yost does not relieve her of liability on this promissory note."

Adopted by Oregon in 1899, provisions of the uniform negotiable instruments act were adopted by the Territory of Hawaii in 1907 (Act 89, S. L. H. 1907) and have since been law in this Territory, so that what has been said in the opinion of the United States Court of Appeals for the Ninth Circuit, in *Yost* v. *Morrow, supra,* as to the settled law in Oregon is likewise applicable to Hawaii. See Chapter 197, R. L. H. 1955, and like provisions in Chapter 173, R. L. H. 1945. The language of Section 197-24, R. L. H. 1955, is identical with that of Section 24 of the uniform negotiable instruments act, referred to in the opinion in said case of *Yost* v. *Morrow.*

Affirmed.

*Robert G. Dodge* (*Heen, Kai, Dodge & Lum* on the briefs) for Mrs. Thelma Akana Harrison, defendant-appellant, and Williams Mortuary, Ltd., garnishee.

*Robert M. Rothwell* (also on the brief) for plaintiff-appellee.